Ranney, J.
This case is, in effect, settled by the decision made-in the case of Knox County v. Beam’s Sureties, at the present, term, ante 147, affirming the case of Ohio for the use of Mt. Pleasant Bank v. Conway, 18 Ohio, 234. It is true that in neither of those eases had the officer received money in his official capacity which he refused to pay over; but in each the decision is grounded upon the doctrine that the official bond is collateral to the primary liability of the officer, and is taken to secure such causes of action as may arise against him, either for misfeasance or nonfeasance, and that the obligation of the surety upon the bond can not continue after the cause of action has been barred against’the officer. A refusal to pay over money received in his official capacity, when demanded, is a failure to perform his official duty, and a nonfeasance in office; and it is certain that an action upon the case, founded upon the tort, could not be sustained after one year. But it is equally certain that the plaintiff might, if he saw fit, waive the tort and sue in assumpsit for money had and received, at any time within six years. Whether the liability of the sureties, upon the official bond, would be barred sooner than the liability of the officer in this last form of action, is a question that it did *not become necessary to decide in either of those cases; nor is it necessary to decide it in this. If the bar intervened at the expiration of one year, and a plea setting up that lapse of time-would he good, a fortiori, one setting up six years is good; if six years is required, the judgment in this case is founded upon a plea alleging that period of time to have elapsed after the cause of action accrued.
In no case where the officer may rightfully retain the money in his hands until called for, does the cause of action accrue until it. has been demanded; and when he then neglects or refuses to pay it over, I can see no hardship in requiring the party to whom it belongs to commenee proceedings against him within one year; much less if he is allowed six years within which to do it. It seems if he to with a full that the- *494 officer was in default, he would deal in bad faith to the sureties, and ■often put it out of their power to secure themselves when, with more promptitude, it might have been done.
The judgment is affirmed.